UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

POMPANO BEACH POLICE & FIREFIGHTERS'
RETIREMENT SYSTEM, individually and on
behalf of all others similarly situated,

              Plaintiff,

                                  **ORDER**
-against-                            **CV-09-3007(SJF)(AKT)**

COMTECH TELECOMMUNICATIONS CORP.,
FRED KORNBERG and MICHAEL D. PORCELAIN,

              Defendants.
----------------------------------------------------------X
FEUERSTEIN, J.

On July 14, 2009, plaintiff Pompano Beach Police & Firefighters Retirement System ("plaintiff"), commenced this putative class action against defendants Comtech Telecommunications Corp., Fred Kornberg and Michael D. Porcelain (collectively, "defendants"), alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. On October 13, 2009, plaintiff filed a motion seeking: (1) to consolidate this case with a related securities fraud action pending in this Court entitled James Lawing v. Comtech Telecommunications Corp., et al., and assigned to the Honorable Joseph F. Bianco, United States District Judge, under docket number 09-cv-3182[1]; (2) to appoint plaintiff as lead plaintiff in the consolidated action; and (3) to approve plaintiff's counsel, Robbins, Geller, Rudman & Dowd, LLP (formerly known as Coughlin, Stoia, Geller, Rudman & Robbins,

---

[1] Although assigned to different district judges, both cases were assigned to the Honorable A. Kathleen Tomlinson, United States Magistrate Judge.

1

LLP) (hereinafter "Robbins Geller"), as lead counsel in the consolidated action.[2] By electronic order that same date, plaintiff's motion was referred to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation in accordance with 28 U.S.C. § 636(b). By Report and Recommendation dated August 17, 2010 ("the Report"), Magistrate Judge Tomlinson recommended that plaintiff's unopposed motion be granted in its entirety. Pending before the Court is defendants' objection to so much of the Report as "suggest[s] a ruling on the merits of any aspect of the requirements for class certification under Rule 23 [of the Federal Rules of Civil Procedure]." (Obj., pp. 1-2). For the reasons stated herein, the Court accepts Magistrate Judge Tomlinson's Report in its entirety.

I

"A district court may refer, without the parties' consent, both nondispositive and dispositive motions to a magistrate judge for decision or recommendation, respectively." Marcella v. Capital District Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); see 28 U.S.C. § 636; Fed. R. Civ. P. 72. Within fourteen (14) days of service of a magistrate judge's order or recommendation, any party may file written objections thereto. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. This court must consider any objections to a magistrate judge's decision on a nondispositive motion and modify or set aside any portion thereof which is found to be "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); see Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007). Reversal is only permitted where the magistrate judge abused his or her discretion. Mitchell v. Century 21 Rustic Realty, 233 F.Supp.2d 418, 430 (E.D.N.Y. 2002), aff'd, 45 Fed.Appx. 59 (2d Cir. Sept. 6, 2002); see also Mental Disability Law Clinic v. Hogan, ___ F.Supp.2d ___, 2010 WL

---

[2] Robbins Geller also represents the plaintiff in the action assigned to Judge Bianco.

2

3699674, at * 2 (E.D.N.Y. Sept. 17, 2010); Summa v. Hofstra University, ___ F.Supp.2d ___, 2010 WL 2232671, at * 4 (E.D.N.Y. June 1, 2010). "A party may not assign as error a defect in [a magistrate judge's] order [on a nondispositive pretrial matter] not timely objected to." Fed. R. Civ. P. 72(a).

II

Defendants assert that they "do not object to the specific relief sought in [plaintiff's] motions [sic]." (Obj., p. 1). However, defendants object to the Report "to the extent that anything in the [Report] can be read to suggest a ruling on the merits of any aspect of the requirements for class certification under Rule 23 [of the Federal Rules of Civil Procedure]." (Obj., pp. 1-2).

Upon review of the Report and consideration of defendants' objection, I conclude that the Report does not make any ruling or recommendation on the merits of any aspect of the requirements for class certification under Rule 23, other than on the preliminary showing of "typicality" and "adequacy" required in determining a motion to serve as lead plaintiff. See, e.g. City of Monroe Employees' Retirement System v. Hartford Financial Services Group, Inc., ___ F.R.D. ___, 2010 WL 2816797, at * 5 (S.D.N.Y. July 15, 2010) (holding that a preliminary showing that the "typicality" and "adequacy" requirements of Rule 23 have been met is required in deciding a motion to serve as lead plaintiff); Baughman v. Pall Corp., 250 F.R.D. 121, 126 (E.D.N.Y. 2008) (accord). The preliminary showing of the "typicality" and "adequacy" requirements of Rule 23 "is not as stringent as that observed by a district court assessing a proposed class certification." Baughman, 250 F.R.D. at 126. Since defendants did not satisfy their heavy burden of showing that Magistrate Judge Tomlinson's Report was clearly erroneous or contrary to law, their objection is overruled and the Report is accepted in its entirety.

III.  CONCLUSION

Upon review of the Report and consideration of defendants' objection, defendants' objection is overruled and the Report is accepted in its entirety as an Order of the Court. The Clerk of the Court is directed to consolidate the <u>Lawing</u> action with this action; to close the <u>Lawing</u> action; and to amend the caption of this action accordingly. The consolidated action shall hereinafter be referred to as "<u>In re Comtech Securities Litigation</u>" and shall proceed under docket number 09-cv-3007; all filings are to be made only under docket number 09-cv-3007; the parties shall proceed with the consolidated litigation in accordance with the Report; and all pretrial and nondispositive matters are respectfully referred to Magistrate Judge Tomlinson. A pretrial conference will be held before me, in my courtroom located at 1010 Federal Plaza, Central Islip, New York, on **June 28, 2011 at 11:15 a.m.** All discovery must be completed prior to the pretrial conference and the parties must be ready to proceed to trial within one (1) month thereafter. No adjournments of the pretrial conference will be granted absent extraordinary circumstances. Any discovery disputes not promptly brought to the attention of the Court prior to the pretrial conference shall be deemed waived.

SO ORDERED.

/s/ FEUERSTEIN
United States District Judge

Dated: September 29, 2010
Central Islip, New York

4